Apologize for the late start. Good morning. Call 208-254. People's State of Illinois v. Mohamed Safi. On behalf of the Avalon, Mr. Craig F. Miller. On behalf of the Applebee, Mr. Marshall Steele. Good morning, counsel. Mr. Miller. If I may. You may. Good morning, your honors, justices of this district's appellate court. I first would like to thank all of you for the patience and the indulgence that you've shown me for my neophyte approach to the appellate court practice. I'm grateful that you allowed me to bring in the bystanders report because it's that report that truly brings me here today. And one comment made by a judge. I know this court has reviewed the facts of this case and compared them to the law. And I agree. I agree there are far less facts that were presented in my case for a finding of guilty than cases such as Weathersby. There was a driving infraction where somebody actually did go through a red light. Weathersby, I believe, there was no traffic violations. They both had the slurred speech. They both had alcohol emitted from their breath. They both had at least a person that showed and demonstrated some of the characteristics of intoxication or at least the use of alcohol. Counsel, if I could stop you for a second and ask. At the beginning of your discussion and argument at page 11 of your brief, you ask us as an appellate court to review the credibility of the witnesses in this case. But yet I don't see any citation of authority. Do you have any authority for us? I'm brought here not because of that, Judge, and I do cite that. And I don't have the authority because the authority shows that all trial appellate courts are reluctant to judge credibility because they don't have the witnesses before them. And I understand that the court can make those rulings based on credibility. What I'm really here for, Judge, and I would like to limit my speaking to all of you because I'm not going to waste this court's time. Because after I review this, there's only two things that truly bring me before this court, Judge. That a bystander who is unrelated to the case would come to me after a trial and state to me that he felt there was a change in the demeanor of a judge when he heard the mention of bribery. And in listening to him and him to come before me and be so compelled to actually assist him to author the bystander's report, I felt it was a necessity for me to follow up on this appeal. And as I reviewed the case law, Judge, I understood that there wasn't a lot of leg for me to stand here and argue credibility and the factors to consider when somebody believes somebody is under the influence of alcohol. And that was what Judge Moteki did. What happened there, though, when I heard bribery, and then of course we went to sentencing, the judge mentions, says specifically, without reviewing an evaluation or even looking at some of the mitigating factors that should be considered, and I agree with Baker and all of the statutes required in order to look at all kinds of factors, it compelled me to say that maybe this judge was overwhelmed with the personal belief that bribery in this situation was such that he could never render a sentence of supervision and that required a conviction. It impassioned me to say, judges, we trust in you to give fair trials, and if you're reluctant to give or consider supervision and to require conviction for an individual found guilty of DUI, with some factors that would give a reasonable hypothesis of innocence presented, and with no real history, no DUI in the background, no traffic citations for two years, a family man, a mortar and refill could score up so little, then would it really influence you not to look at those reasonable hypotheses of innocence during a trial? So I'm asking the court, I guess, probably to instruct me, so I can share with colleagues, and if I am ever given the opportunity to stand before students or anyone, to tell them how much I believe in the justice system and the faith I give this, that while judges must put away their personal feelings if they are so hardened in the belief that a mere mention of bribery should be considered a citizen. There is a record that would lead you to believe that the judge was biased in this regard. I mean, there were two, I believe the record did indicate that the defendant mentioned this on two different occasions, so it wasn't just an isolated, quote, joke necessarily. Moreover, in a sentencing hearing, a judge must take all factors in aggravation and in mitigation into account. So what in the record do we look at? Your Honor, I believe that it was actually on page 26 of the bystander's report where it stated, and I stated, that it was reflected that the judge stated he would never give supervision for a person who attempted a bribery. It is not a candidate. It must be a conviction. That's what was in the record, Judge. That was what, even after Judge Woteki reviewed it, he never identified or negated that he said that. And that's what brings me here, is because I thought to myself, it's reasonable, it's foreseeable for officers who stop at Mercedes' beds at 5 o'clock in the morning, find $112,000 in cash in a brown bag, to suspect that there might be some criminal activity afoot. But a severe traffic violation would not give them the opportunity to investigate further or bring him back into the station. Subsequently, there was a DUI testing, and of course, as you've read the facts, he passed one test, he clearly spoke to the person's freely, voluntarily, co-operative and post-plaint. It's reasonable and foreseeable to somebody who won $112,000 to be excitable and to be willing to share his proceeds and winnings with anybody, especially maybe an officer, in the interest of trying to relieve himself of the pain and suffering of those who are charged with driving under the influence of alcohol. And it's foreseeable, I think, Judge, that a court who truly believes that bribery is such a something that an officer should never confront, would not only be so reluctant not to give supervision, but may have used that as a stronger factor in the trial in and of itself, which although it could be considered a consciousness of guilt at the very least, it certainly shouldn't be so overwhelming, I don't think, to negate the other factors and reasonable hypothesis of innocence. So your argument, if I understand correctly, as we all do when we're selecting a jury, we ask, is there anything about the nature of the charges here that would prevent you from being fair and without bias or prejudice to either side? And we expect jurors to say yes. So your point would be, again, I don't want to put words in your mouth, is that in this case, the trial judge was so inherently prejudiced about just the mere presence of an attempt bribery or the mention of a bribery or bribery and joke in the same sentence that he should not have heard this case. He should have recused himself. Unfortunately, I don't have the ability to voir dire a judge to see it. I appreciate that. But is that really the nature of your argument, that he was so prejudiced about? I think it is, Judge. The charge of bribery. That it just took too much out of him when he heard that. I do believe that, Judge. I have appeared before Judge Witecki, what a perfect gentleman, how he maintains a demeanor that treats us all with great respect. I respect Judge Witecki. But in this matter, I was so perplexed by the change of his demeanor and the way he asserted the bribery that I was taken aback. And that's true. Judge, you probably hit the nail on the head. Well, but there was evidence in the record, isn't that correct? Absolutely, Judge. Of that statement. So are you suggesting that that should have been ignored by the trial judge? No, I don't think it's got to be ignored because it is a consciousness of guilt. But it has to be. That's why it was admissible. Even over my objection, it was admissible. My client understood why it was admitted. And is it not the basis, or could it not be the basis for a separate crime? Yes, it could. Okay. And during sentencing, that shouldn't have been taken into account? It has to be considered. But because he didn't even look at the evaluation, which is required by law, that was a red flag to me that he was already. How do you know that? Well, because when I presented the evaluation, I had to present it to the court. He never looked at it. And he went right into sentencing. What is the practice in Kane County, though? Does the judge get a copy of that evaluation prior to the court proceedings? Judge, I think it was my responsibility to bring it to the Kane County Courthouse. I believe that's what I did. Because we had an independent party. They didn't have it. Like in DuPage County, you go through the probation department. In Cook County, they have what they call Central States Institute. They require not in Kane County. Do the courts not have a copy prior to the court date? No, Judge. And you know that because that's the way it always is? No, Judge, I don't practice a lot in Kane County. But I believe that I presented it that day, the original to the court. My question is not, I agree with you that you presented it, you'd remember that. But the fact that he didn't open it, does that mean he didn't read it, or does that mean he didn't open your copy and had a prior copy? That's given to the courts in due course. I don't believe that this was mailed to the courthouse, Judge. Because I happen to know the evaluators. Pardon? I happen to know this evaluating agency. So you're saying there's only one evaluation that's done, or one copy made? And, I mean, did counsel get a copy? I provided parties, Judge. You provided three, the original and copies. And, of course, I have my own copy. Okay, but that, I'm sorry, the original then goes into the court file? Yes, Your Honor. Okay. That's Siler's file? Yes, it is. And then the judge has his or her own copy? I didn't present a courtesy copy to the judge prior to the hearing. So there's an original and two copies, that's all? That's all that I had.  Now, there was a motion to reconsider on this case, is that correct? Yes, there was. And the judge did make a comment with regard to the motion to reconsider, indicating that he had reviewed the evaluation, correct? I don't, maybe I'm mistaken, Your Honor, but I don't remember him saying that he had reviewed it. I thought he said it was a factor to consider in his review. I think in my motion to reconsider, by that time, he had already reviewed that because I had presented it once before. So I'm sure that he did review it. I just trust that the judge will attack you because I believe he would do that in the motion. I don't understand conditional discharge without supervision. In Cape County, the defendant does not report to the probation department and stay on probation for a period of time? When he was receiving conditional discharge, I believe there's a social service group that he does report to. But not probation? I would imagine they have a probation department, Your Honor, but only because of the felonies. I haven't had one out there, to be quite honest with you. I just believe they probably do. I'm certain because of the facility that they have, and, of course, they conduct felonies. They have a probation department. In Cook County, they have what they call a social service department. They report to it. In DuPage County, there's a probation department you report to, even with conditional discharge. In Cook County, they separate the probation department from the conditional discharge department by using a group called social service. With that, Your Honor, I shall. I want an additional question. So would it be your position that if someone presents with the criminal history that your client has, there's a presumption that they should get supervision? No, Your Honor, I wouldn't go that far. I certainly wouldn't believe that. As a prior fact, if somebody was running a decision that would possibly change a person's way of living, because without driving privileges, of course, we know how difficult that could be. But they would just at least give all the factors the same consideration. And that's why I presented this to you to say that I know the statute requires it. I know that it's not the only factor to consider. But certainly, judges, I believe, should review that. And almost every judge that I can probably say this is the only time that I felt that the judge didn't look at it. All the other judges always review that to find out if an individual is a moderate risk or a significant risk, because this would really make a determination in DOI. Do you want this individual back on the street if he's going to repeat? And if all the indicating factors would indicate that this man is going to repeat, I can't, in the interest of society, give this person an opportunity to drive again and subject the citizens of our state to further, maybe, injury and the dangers that he may present because of his alcohol abuse. And that's why I've always seen them go through the level 2, the level 1. That's how they do this. They distinguish these levels, level 1 being the lowest or a minimal risk that you would repeat, moderate would then be level 2, significant is level 2. But then in level 3, it's usually somebody who's alcohol dependent and has truly a history of abuse. And most judges, even on a first offender, rarely would consider the individual a candidate for supervision unless there are great conditions and restrictions placed upon him not to repeat, such as random urine drops or further treatment and therapy requiring inpatient therapy. Was your client required to do any treatment? Yes, he was, Judge. He was a moderate risk. I believe that it was minimal and moderate. He was a level 1 judge at that time. This is the first time in my life where I ever heard a DUI case where the defendant was arrested after winning $112,000 in a casino. To look upon it in this season of good cheer and everything, I would get an album of world portraiture. I've never even had. I don't visit casinos myself, Your Honor. But it was extraordinary in my practice to ever think that anybody would be driving around with $112,000 cash to begin with by themselves. And secondly, to be in a rented car, a Mercedes Nova, at 5 o'clock in the morning, and then have it verified that he truly won this amount. Judge, it was an extraordinary circumstance. I don't certainly fall pleased for their inquiry. I'm using their natural instincts to recognize that there may have been some other criminal activity afoot. But I think that it made them give a stronger, at least, consideration of having a charge where he could be taken to the custody investigation could be brought further. Okay. Thank you, Counsel. Thank you very much for your time. Thank you. Mr. Stevens? Good morning, Your Honors. Good morning. Let me start off by agreeing with Justice Pullman. I've never seen a case like this either where someone had $112,000 after and got arrested for DUI. I think he would have been better off taking some of the money and renting a limo to go home. And then we all would have been here. I think I have the biggest problem here about the record and what the record shows and what it doesn't show. I know that Your Honors reviewed the procedural history and I made some objection to the state of the record. And this Court allowed Mr. Miller to go back and get a bystander's report. That was done with apparently some difficulty. But I'm looking at Judge Witecki's order of October, I believe it's the 28th. And he sets up there his recollection of what happened at trial. He concludes by saying that the bystander's report is presented by defense counsel certified only to the extent it does not contradict what was in this summary. So therefore, I think this summary is pretty much the record of trial and sentencing. I objected to the defendant's bystander's report because I thought it contained a little too much editorial comment. And it obviously was not created originally according to the rules. I must say that in the discussion that I heard so far, there's a lot of things discussed here that are not of record. What the procedures are for handling alcohol evaluation reports and what the various practices are and what the reports mean. Frankly, I don't know. I don't practice in the trial court. I don't do DUI prosecutions. At trial, I think that we're limited to what the record shows. And as I said, I think the record is three pages long and it's a summary. What I may have been hearing for the first time now is the allegation that perhaps Judge Witecki had a policy, a universal policy of not giving supervision if he saw bribery. He said a correct statement that his counsel made with respect to the record citation, that he never... It's a correct citation to his original bystander's report that was not compliant. However, all Judge Witecki said in his summary was, in this case, because of the bribery, I'm not giving supervision. So this does not support the existence of policy by Judge Witecki. The other thing that I would say is that looking at this document, there's no indication that Judge Witecki did not consider the alcohol evaluation for the various reasons that Your Honor suggested. Perhaps he re-evaluated beforehand. We don't know how many copies there are out there. And as Justice Zinoff indicated on the motion to reconsider, the judge said that he considered the evaluation. In our response on this part, I do cite DeBaker, who says that this evaluation is not even considered mandatory. It's permissive. So it's a question, if it had never been ordered, it wouldn't have been under Baker, which is the only case that I saw that interprets the need for the alcohol evaluations. It wouldn't even have been an error if the court had not ordered it. Finally, I'd like to say that it's very troubling to make comments on this case. Comments about Judge Witecki's judicial demeanor from, well, no record. That he, all of a sudden, his attitude changed when he heard bribery. That there was something wrong, that he was doing something improper. The record just doesn't support it. I have several other issues, but I think they're covered adequately in the brief. Unless you have any further questions, I think I can conclude. Do you have questions? No. All right. Thank you very much, counsel. Thank you very much. Mr. Miller? Your Honor, other than that I think the bystander's report is part of the record. On page 26, I didn't misquote. I simply stated that in this report it states, the court ruled that any person who would attempt to bribe a police officer should not be given anything but a conviction. But he did say, even though I believe the defendant was drunk. Just to clarify, Judge, that's exact. It was written in the bystander's report. And of course, I know Judge Witecki didn't specifically comment on that statement. Once again, I thank you very much, and I will conclude my report. Thank you, counsel.